Michael J. Sexton, Bar No. 153435
michael.sexton@ogletreedeakins.com
Natalie R. Alameddine, Bar No. 296423
natalie.alameddine@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Park Tower, Suite 1500
695 Town Center Drive
Costa Mesa, CA  92626
Telephone:   714.800.7900
Facsimile:   714.754.1298

Attorneys for Defendant
HOME DEPOT U.S.A., INC.

Douglas N. Silverstein, Esq.
Lauren J. Morrison, Esq.
KESLUK, SILVERSTEIN & JACOB, P.C.
9255 Sunset Boulevard, Suite 411
Los Angeles, California 90069-3309
Telephone:   310.273.3180
Facsimile:   310.273.6137

Attorneys for Plaintiff
SHANNON GUTIERREZ

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON GUTIERREZ, an individual,<br><br>  Plaintiff,<br><br>  vs.<br><br>HOME DEPOT USA, INC., a Delaware Corporation; and<br>DOES 1 to 60; inclusive,<br><br>  Defendants. | Case No. 2:14-CV-07371-BRO-SH<br><br>Assigned for all purposes to:<br>District Judge:  Beverly Reid O'Connell<br>Magistrate Judge:  Stephen J. Hillman<br><br>**PROTECTIVE ORDER REGARDING PRODUCTION OF CONFIDENTIAL DOCUMENTS AND PROPRIETARY INFORMATION**<br><br>Action Filed:   August 15, 2014<br>Trial Date:      None Set |

# [PROPOSED] ORDER

GOOD CAUSE APPEARING, the Court hereby approves this Stipulation and Protective Order.

IT IS SO ORDERED.

Dated: _____               _____
                                    Honorable Stephen J. Hillman

Plaintiff Shannon Gutierrez ("Plaintiff") and Defendant Home Depot, U.S.A., Inc. ("Defendant") (collectively, the "Parties") agree as follows:

## I. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under applicable legal principles. The parties further acknowledge that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

## II. DEFINITIONS

In this Stipulated Protective Order, the following definitions apply:

1. "Confidential" means information or items that are protected from disclosure under Federal Rule of Civil Procedure 26(c).

2. "Challenging Party" means the party that challenges the designation of information or items as "Confidential."

3. "Defendant" means Home Depot U.S.A., Inc., including its agents, employees, or representatives.

4. "Designating Party" means the party that designates information or items as "Confidential."

5. "Designated Material" means information or items that are designated "Confidential."

## III. SCOPE

The protections conferred by this Stipulated Protective Order cover not only Designated Material and Confidential Material, as those terms are defined above, but also (1) any information extracted from Designated Material or Confidential Material; (2) all copies, excerpts, summaries, or compilations of Designated Material or Confidential Material; and (3) any testimony, conversations, or presentations by Parties or their counsel that might reveal Designated Material or Confidential Material. However, the protections conferred by this Stipulated Protective Order do not cover information that is already in the public domain when disclosing or producing such information or becomes part of the public domain after such information is disclosed or produced as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise. Any use of Designated Material at trial will be governed by a separate agreement or order.

## IV. DURATION

The obligations imposed by this Order will remain in effect until a Designating Party agrees otherwise in writing or the Court orders otherwise.

## V. DESIGNATING MATERIAL AS "CONFIDENTIAL"

The Parties agree to exercise care and restraint in designating items or information as "Confidential." To that end, the Designating Party will only designate as "Confidential" items or information, or parts thereof, that qualify as such under this Order.

The process for designating items or information as "Confidential" is as follows:

1. <u>Documents</u>: For information in documentary form (*e.g.*, paper or electronic documents other than deposition transcripts or transcripts of other pretrial or trial proceedings), the producing party must label each page that contains Designated Material as "CONFIDENTIAL." If only a portion or portions of the

material on a page qualifies for protection, the producing party must also clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

2. <u>Testimony</u>: For testimony given in deposition or in other pretrial or trial proceedings, the Designating Party must identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.

3. <u>Other</u>: For information produced in some form other than documentary and for any other tangible items, the producing party must label the exterior of the container or containers in which the information or item is stored the term "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, must identify the protected portion(s).

If a party inadvertently fails to designate material as "Confidential" and timely corrects such error, the inadvertent failure to designate qualified information or items will not, by itself, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## VI. CHALLENGING "CONFIDENTIAL" DESIGNATIONS

The process for challenging information or items designated "Confidential" is as follows:

a. <u>Timing</u>: Unless a prompt challenge to a Designating Party's designation of items or information as "Confidential" is necessary to avoid foreseeable and substantial unfairness or unnecessary economic burden, such designation may be challenged at any time.

b. <u>Meet and Confer</u>: The Challenging Party must initiate the dispute resolution process by providing written notice of each designation it is challenging and briefly describing the basis for each challenge. Within 14 days of receiving such

notice, the parties must meet and confer, either in person or by telephone, to try to resolve the dispute. Only if the parties are unable to resolve the dispute through the meet and confer process, or if a party refuses to meet and confer, may the Challenging Party seek judicial intervention.

  c. <u>Judicial Intervention</u>: If the parties cannot resolve a challenge without judicial intervention, the Designating Party must file and serve a motion to retain confidentiality within 30 days of the parties agreeing that the meet and confer process will not resolve their dispute, unless the parties agree in writing to a later deadline. The Designating Party must include with its motion a declaration affirming that they have complied with the meet and confer requirements of this Order. If the Designating Party fails to make such a motion, including the required declaration, the "Confidential" designation will be deemed waived.

  The burden of persuasion for any such motion is on the Designating Party. However, frivolous challenges or challenges made for an improper purpose (*e.g.*, to harass or impose unnecessary burden or expense) may expose the Challenging Party to sanctions.

  Unless the Designating Party waives confidentiality by failing to timely make a motion to retain confidentiality as described above, all parties must continue to treat Designated Material as "Confidential" until the Court orders otherwise.

## VII.  USE OF MATERIAL DESIGNATED "CONFIDENTIAL"

  a. <u>Generally</u>: A receiving party may use Designated Material produced by another party only in connection with prosecuting, defending, or attempting to settle this litigation. Designated Material must be stored or maintained by the receiving party at a location and in such a manner that ensures access to Designated Material is limited to persons authorized by this Order.

  b. <u>Disclosure of Designated Material in this Litigation</u>: A receiving party may only disclose items or information designated "Confidential" if doing so is reasonably necessary to prosecute, defend, or attempt to settle this litigation and only

1 to (i) the receiving party's counsel of record in this matter, including their counsel's
2 employees; (ii) the officers, directors, and employees, including in-house legal
3 counsel, of the receiving party; (iii) either Party's expert witnesses who have signed
4 the "Acknowledgement and Agreement to Be Bound" marked as "Exhibit A"; (iv)
5 percipient witnesses who have signed the "Acknowledgment and Agreement to Be
6 Bound" marked as "Exhibit A"; (v) the Court and its personnel; (vi) court reporters
7 and their staff, professional jury or trial consultants, mock jurors, and professional
8 vendors who have signed the "Acknowledgement and Agreement to Be Bound; (vii)
9 the author or recipient of Designated Material or a custodian or other person who
10 possessed or knew the information.

11       c.    <u>Disclosure of Designated Material in Other Litigation</u>: If a Party is
12 served with a subpoena or court order issued in other litigation that compels the
13 disclosure of any information or items designated "Confidential" in this litigation,
14 that Party must:

15       (i)   promptly notify the Designating Party in writing, including
16 providing a copy of the subpoena or court order;

17       (ii)   promptly notify in writing the party who caused the subpoena or
18 court order to issue in the other litigation that some or all of the material covered by
19 the subpoena or court order is subject to this Order; and

20       (iii)   cooperate with respect to all reasonable procedures sought to be
21 pursued by the Designating Party whose protected Designated Material may be
22 affected.

23    If the Designating Party timely seeks a protective order, the Party served with
24 the subpoena or court order may not produce any information designated
25 "Confidential" in this litigation before a determination by the court from which the
26 subpoena or order issued absent express written permission of the Designating Party.
27 ///
28 ///

6
PROTECTIVE ORDER REGARDING PRODUCTION OF
CONFIDENTIAL DOCUMENTS AND PROPRIETARY INFORMATION

## VIII. UNAUTHORIZED OR INADVERTANT DISCLOSURE

a. <u>Unauthorized Disclosure to a Non-Party</u>: If a Party receives Designated Material from another Party and discloses such material to a non-party in any circumstance that is not authorized by this Order, the receiving Party must immediately: (i) notify the Designating Party in writing of the unauthorized disclosure(s); (ii) use its best efforts to retrieve all such Designated Material from whoever received the unauthorized disclosure; (iii) inform the person or persons to whom all unauthorized disclosures were made about the existence and terms of this Order; and (iv) request such person or persons to sign the "Acknowledgment and Agreement to Be Bound" that is attached as "Exhibit A."

b. <u>Inadvertent Disclosure to a Party</u>: If a Party inadvertently produces or discloses Designated Material or items or information that are subject to a claim of privilege or other protection from disclosure, the receiving Party is obligated to comply with the requirements set forth in Federal Rule of Civil Procedure 26(b)(5).

## IX. FILING DESIGNATED MATERIAL

A Party may not file Designated Material in the public record of this litigation absent written permission from the Designating Party or Court authorization obtained after appropriate notice to the Designating Party.

A Party that seeks to file Designated Material under seal must comply with the requirements set forth in Local Rule 79-5. If the filing Party's request to file Designated Material under seal is denied by the Court, then the filing Party may file the Designated Material in the public record consistent with the applicable Local Rules unless otherwise instructed by the Court.

## X. FINAL DISPOSITION

Except as explained below, each Party must return or destroy all Designated Material within 60 days of the later of (1) dismissal of all claims and defenses in this action, with or without prejudice, or (2) the entry of final judgment after the completion, exhaustion, or waiver of all appeals, rehearings, trials, or reviews of this

1  action, including the time limits for filing any motions or applications for extension
2  of time under applicable law. Counsel may retain archival copies of all pleadings,
3  motion papers, transcripts, reports, attorney work product, and consultant or expert
4  work product, even if such materials contain Designated Material. Any such archival
5  copies that contain or constitute Designated Material remain subject to the terms of
6  this Order.

7  Dated: January 14, 2015

_____
STEPHEN J. HILLMAN
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

## CERTIFICATION RE CONFIDENTIAL MATERIALS

I hereby acknowledge that I, _____ [NAME], _____ [POSITION AND EMPLOYER], am about to receive Confidential Materials supplied in connection with the Proceeding, Case No. 2:14-CV-07371-BRO-SH, I certify that I understand that the Confidential Materials are provided to me subject to the terms and restrictions of the Stipulation and Protective Order filed in this Proceeding. I have been given a copy of the Stipulation and Protective Order; I have read it, and I agree to be bound by its terms.

I understand that Confidential Materials, as defined in the Stipulation and Protective Order, including any notes or other records that may be made regarding any such materials, shall not be Disclosed to anyone except as expressly permitted by the Stipulation and Protective Order. I will not copy or use, except solely for the purposes of this Proceeding, any Confidential Materials obtained pursuant to this Protective Order, except as provided therein or otherwise ordered by the Court in the Proceeding.

/ / /

/ / /

/ / /

1   I further understand that I am to retain all copies of all Confidential Materials
2 provided to me in the Proceeding in a secure manner, and that all copies of such
3 Materials are to remain in my personal custody until termination of my participation
4 in this Proceeding, whereupon the copies of such Materials will be returned to
5 counsel who provided me with such Materials.
6   I declare under penalty of perjury, under the laws of the State of California,
7 that the foregoing is true and correct.
8   Executed this _____ day of _____, 20____, at _____,
9 _____.

DATED: _____       BY:

_____
Signature

_____
Title

_____
Address

_____
City, State, Zip

_____
Telephone Number

# CERTIFICATE OF SERVICE
*Shannon Gutierrez v. Home Depot USA, Inc.*

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. At all times herein mentioned I have been employed in the County of Orange in the office of a member of the bar of this court at whose direction the service was made. My business address is 695 Town Center Drive, Suite 1500, Costa Mesa, CA 92626.

On January 14, 2015, I served the following document(s):

**[PROPOSED] PROTECTIVE ORDER REGARDING PRODUCTION OF CONFIDENTIAL DOCUMENTS AND PROPRIETARY INFORMATION**

☒ **BY CM/ECF SYSTEM:** I caused the above-referenced document(s) to be sent by electronic transmittal to the Clerk's Office using the CM/ECF System for filing which generated a Notice of Electronic Filing to the CM/ECF registrants in this case.

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed as stated on the attached mailing list.

☐ **BY OVERNIGHT DELIVERY:** I placed the sealed envelope(s) or package(s) designated by the express service carrier for collection and overnight delivery by following the ordinary business practices of Ogletree, Deakins, Nash, Smoak & Stewart P.C., Costa Mesa, California. I am readily familiar with Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing of correspondence for overnight delivery, said practice being that, in the ordinary course of business, correspondence for overnight delivery is deposited with delivery fees paid or provided for at the carrier's express service offices for next-day delivery.

☐ **BY MAIL:** I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope.

☒ (Federal) I declare that I am employed in the office of a member of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on January 14, 2015, at Costa Mesa, California.

Erin Montgomery
_____      _____
Type or Print Name                                           Signature

# SERVICE LIST
*Shannon Gutierrez v. Home Depot USA, Inc.*

Douglas N. Silverstein, Esq.
Lauren J. Morrison, Esq.
KESLUK, SILVERSTEIN & JACOB, P.C.
9255 Sunset Boulevard, Suite 411
Los Angeles, California 90069-3309
(310) 273-3180
(310) 273-6137 Fax
***Attorneys for Plaintiff, SHANNON GUTIERREZ***

19627002.1

STIPULATION AND [PROPOSED] PROTECTIVE ORDER REGARDING PRODUCTION OF CONFIDENTIAL DOCUMENTS AND PROPRIETARY INFORMATION